**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,           )<br>               Plaintiff,           )<br>                                    )<br>vs.                                 )<br>                                    )<br>Alberto Alejandro Villalobos-Cheno, )<br>               Defendant.          )<br>_____) | No.  CR 16-384-TUC-CKJ<br><br>**ORDER** |

    Pending before the Court is the Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c) and 18 U.S.C. § 3553(a) (Doc. 201) filed by Alberto Alejandro Villolobos-Cheno ("Villalobos-Cheno"). The Federal Public Defender filed a Notice RE: Pro Se Filing, stating it will not be filing a supplemental memorandum (Doc. 203.  The United States Probation Office has filed a Memorandum RE:   Retroactive Criminal History Amendment of Chapter Four Zero-Point Offenders - Ineligible (Doc. 204), stating "it does not appear the defendant is eligible for a reduction in the term of imprisonment because he has three criminal history points."

    Villalobos-Cheno's Motion does not specify under which provision reducing a sentencing range he is seeking relief.  Rather, he relies on the factors of 18 U.S.C. § 3553(a), asserting programming certificates show rehabilitation while he has been incarcerated.

    A judgment of conviction that includes a sentence of imprisonment may not be modified by a district court except in limited circumstances.  18 U.S.C. § 3582(b).  This section establishes an exception to the general rule of finality.  *Dillon v. United States*, 560 U.S. 817, 824 (2010).  The statute provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Under this provision, the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

The Court must first determine if a retroactive amendment to the United States Sentencing Guidelines ("USSG") lowered a defendant's guideline range and whether a reduction is consistent with the applicable policy statements. *Dillon*, 560 U.S. at 826. The Court must then consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence. However, 18 U.S.C. § 3582(c)(2) does not authorize a reduction in a defendant's term of imprisonment as not consistent with the policy statement if an "amendment . . . does not have the effect of lowering the defendant's applicable guideline range." USSG 1B1.10(a)(2)(B); *see also* USSG 1B1.10, Application Note 1. In other words, before considering the §3553 factors as requested by Villalobos-Cheno, the Court must first determine if a retroactive amendment to the UnSSG lowered his guideline range and whether a reduction is consistent with the applicable policy statements. *Dillon v. United States*, 560 U.S. 817, 826 (2010).

Because Villalobos-Cheno has not specified under which guideline amendment he is seeking relief, the Court will consider the most recent guideline reduction provisions. The Sentencing Commission promulgated Amendment 821 to the USSG to take effect November 1, 2023; the Amendment applies retroactively. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); Amendment 821, United States. Sentencing Commission, https://www.ussc.gov/guidelines/amendment/821 (last accessed March 18, 2024). "Amendment 821 has three parts and several subparts: Part A pertains to 'Status Points;' Part B pertains to 'Zero-Point Offenders;' and Part C pertains to 'Simple Possession of Marihuana Offenses.'" *United States v. Strutz*, No. 3:18-CR-206, 2024 WL

1993987, at *3 (D.N.D. May 6, 2024).

Part A of Amendment 821 limits the criminal history impact of "status points" under USSG. § 4A1.1. Specifically, with regard to such "status points," a defendant who committed an offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status," previously received two additional criminal history points. Amendment 821 amends § 4A1.1 to eliminate such status points for any defendant who otherwise has six or fewer criminal history points and apply one point, instead of two, for defendants who otherwise present seven or more criminal history points. As no status points were used in calculating Villalobos-Cheno's guideline range, he is not entitled to relief pursuant to this provision.

"Part B, Subpart 1 of the amendment provides a two-level reduction in the offense level for certain zero-point offenders—that is, defendants with no criminal history whose offenses meet the guideline's criteria." *United States v. Mariscal-Sanabia*, No. 219CR00251GMNNJK6, 2024 WL 841094, at *3 (D. Nev. Feb. 27, 2024), *quoting United States v. Diaz-Diaz*, No. CR19-0187-JCC, 2023 WL 9040636, at *1 (W.D. Wash. Dec. 29, 2023). Villalobos-Cheno's guideline range included a subtotal criminal history score of three points. Therefore, he is not eligible for relief under this portion of Amendment 821.

"Part C provides that a downward departure may be warranted if the defendant received criminal history points from a sentence for possession of marihuana for personal use, without an intent to sell or distribute it to another person." Amendment 821. The three criminal history points used in calculating Villalobos-Cheno's guideline range were for a U.S. District of Arizona felony conviction of Possession with Intent to Distribute 43 kilograms of Marijuana. This was not a simple possession for personal use offense. As such, Villalobos-Cheno is not eligible for relief under Part C of the Amendment.

As Amendment 821 does not lower Villalobos-Cheno's guideline range, the Court finds it need not consider whether a reduction is consistent with the applicable policy statements or consider the § 3553(a) factors.

Accordingly, IT IS ORDERED:

1. The Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c) and 18 U.S.C. § 3553(a) (Doc. 201) is DENIED.

2. The Clerk of Court shall mail a copy of this Order to Villalobos-Cheno at the following address:

> Alberto Alejandro Villalobos-Cheno # 08390-196
> FCC - Lompoc
> 3901 Klein Blvd.
> Lompoc, CA  93436

DATED this 9th day of August, 2024.

_____
Cindy K. Jorgenson
United States District Judge